THE MIDLAND COMPANY

V.

SARAH HUCHBERGER ET AL.

*Negotiable Instruments—Notes—Collateral Security.*

This court holds, in view of the evidence, that certain notes can not be held as collateral security to other notes, they not having been included with the securities mentioned in the same.

[Opinion filed December 14, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

Mr. W. W. Rathbun, for appellant.

Messrs. Byam, Weinschenk & Hirschl, for appellees.

Mr. Justice Waterman. Appellant was in the practice of guaranteeing the payment of notes made by one Henderson. As security to itself, appellant received from Henderson, from time to time, his note with certain collaterals. It was its custom to take from Henderson a note for the amount of its obligation to it, specifying in such note the collaterals pledged to secure such obligation.

About February 28th or March 1, 1889, Henderson, on the request of appellant for further security, brought to it the " Fitzgerald " notes now in controversy.

These notes were never mentioned in any written agreement or pledge, but were, appellant contends, verbally pledged to it for any obligation Henderson was then or might thereafter be under to it. Some, if not all, of the notes made from time to time by Henderson to appellant, in mentioning the security pledged therewith, contained a provision that " in case of any exchange of or addition to the collateral named, the provisions of the note should extend to such new or additional collateral."

The " Fitzgerald " notes pledged by Henderson did not belong to him, and he had no right to pledge them for any purpose.

Fitzgerald filed a bill of interpleader, setting up that payment of his notes was claimed by appellants and by Sarah Huchberger, making appellant, Henderson and Sarah Huchberger parties. The bill was answered and the cause having been referred to a master, he reported that appellant claimed to hold these notes as security for three notes made by Henderson upon the dates, respectively, of March 2, 1889, April 1, 1889, and April 17, 1889; that the Fitzgerald notes were not mentioned in either of the Hender-

son notes, and were pledged about February 28th or March 1st, for indebtedness *then* existing; that the Fitzgerald notes were pledged as additional collateral to a note for $1,850, due April 5, 1889, which note was afterward paid in part and the balance replaced by a note maturing June 4, 1889; that in the note last named certain securities are mentioned, but none of the Fitzgerald notes are alluded to. The master therefore finds that under the principle announced in Fairbank v. Merchants National Bank, 132 Ill. 120, the Fitzgerald notes can not be held by appellant as collateral.

In this finding the Circuit Court concurred, and we see no sufficient reason for overturning the decree thereunder rendered. Careful as appellant was, in its business, to protect itself, if it held these notes as security for any notes made after March 1, 1889, it is a little singular that it did not have them specified along with the other securities pledged for the notes, bearing date after March 1st.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*